## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | | |
|---|---|---|
| **BRIAN RIETDORF, on behalf of** | ) | |
| **himself and others similarly situated,** | ) | |
| ***et al.*,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:15-cv-00113-JVB-SLC** |
| | ) | |
| **CITY OF FORT WAYNE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Before the Court are the following motions: (1) a Motion to Deny Class Certification (DE 14) filed by Defendant on July 31, 2015, prior to the August 4, 2015, Rule 16 preliminary pretrial conference; (2) a Motion for Indefinite Extension of Time to Respond to Defendant's Motion to Deny Class Certification (DE 18) filed by Plaintiffs on August 14, 2015; and (3) a Motion to Stay Discovery (DE 22) filed by Defendant on September 10, 2015.  Attached to the Motion to Stay Discovery is a copy of Plaintiffs' First Set of Interrogatories, Request for Production of Documents and Things, and Request for Admissions (DE 22-1), which were propounded to Defendant on August 21, 2015, revealing discovery requests that are extensive in nature.[1]

"[C]ourts normally address motions for class certification or decertification at a later stage in the proceedings, after some discovery has taken place."  *Guzman v. N. Ill. Gas Co.*, No.

---

[1] On September 17, 2015, the Court *sua sponte* stayed discovery pending its ruling on the Motion for Indefinite Extension of Time to Respond to Defendant's Motion to Deny Class Certification.  (DE 24).  Therefore, Plaintiffs have not yet received any discovery responses from Defendant.

09 C 1358, 2009 WL 3762202, at *2 (N.D. Ill. Nov. 6, 2009). "This is, in part, because plaintiffs generally have the burden of demonstrating that they meet the requirements of Rule 23." *Id.* (citing *Retired Chi. Police Ass'n v. City of Chi.*, 7 F.3d 584, 596 (7th Cir. 1993)).

However, "where a defendant moves for what is essentially decertification on the pleadings, courts have sometimes applied a different standard, placing the burden on defendants." *Id.* (citation omitted). That is, "when there has been no discovery and the defendants challenge class certification on the basis of the allegations in the complaint only, the proper standard is the same as a motion to dismiss for failure to state a claim." *Sjoblom v. Charter Commc'ns, LLC*, No. 3:07-cv-0451-bbc, 2007 WL 4560541, at *6 (W.D. Wis. Dec. 19, 2007); *see Cox v. Sherman Capital, LLC*, 295 F.R.D. 207, 211 (S.D. Ind. 2013) ("Where there has been no discovery on the issue of class certification, the district court may rule on the appropriateness of class certification by construing all reasonable inferences in favor of the named plaintiffs." (collecting cases)). Federal Rule of Civil Procedure 23(c)(1)(A) directs the Court to make the determination whether to certify the action as a class action "[a]t an early practicable time . . . ."

After reviewing the parties' relevant filings, the undersigned Magistrate concludes that Defendant's Motion to Deny Class Certification (DE 14) is akin to a motion to dismiss the class allegations set forth in Plaintiff's complaint for failure to state a claim. *See Sjoblom*, 2007 WL 4560541, at *6 ("Because defendants challenge class certification solely on the basis of the allegations in the complaint, the proper standard is the same as that applied in deciding a motion to dismiss for failure to state a claim." (collecting cases)). As such, the motion is more appropriately addressed by the District Judge before discovery goes forward.

Therefore, in order to prepare Defendant's Motion to Deny Class Certification for ruling, Plaintiffs' Motion for Indefinite Extension of Time to Respond to Defendant's Motion to Deny Class Certification (DE 18) is DENIED.  Plaintiffs are afforded up to and including November 24, 2015, to file a response to the Motion to Deny Class Certification, and Defendant is afforded up to and including December 1, 2015, to file a reply.

Defendant's Motion to Stay Discovery (DE 22), which seeks a stay of discovery until the District Judge rules on the Motion to Deny Class Certification, is GRANTED.  Discovery is STAYED in this matter pending the District Judge's ruling on the Motion to Deny Class Certification (DE 14), which as explained above, the undersigned Magistrate views as akin to a motion to dismiss the class allegations on the pleadings.  The hearing set for November 12, 2015 (DE 40), is VACATED.

SO ORDERED.

Entered this 10th day of November 2015.

/s/ Susan Collins_____
Susan Collins
United States Magistrate Judge