# United States District Court
# Northern District of Indiana

| | |
|---|---|
| BRIAN RIETDORF, QUINNETTE ODEN, )<br>and AARON HALL, on behalf of themselves )<br>and others similarly-situated, )<br>　　　　　　　　　　　　　　　　　　　　 )<br>　　　　　　Plaintiffs, )<br>　　　　　　　　　　　　　　　　　　　　 )<br>　　　　　　v. )<br>　　　　　　　　　　　　　　　　　　　　 )<br>CITY OF FORT WAYNE, )<br>　　　　　　　　　　　　　　　　　　　　 )<br>　　　　　　Defendant. ) | Civil Action No. 1:15-CV-113 JVB |

**OPINION AND ORDER**

This matter is before the Court on Defendant's motion to deny class certification (DE 14).

**A.　　Background**

On May 8, 2015, Plaintiffs Brian Rietdorf[1] and Quinnette Oden filed their original complaint against Defendant, the City of Fort Wayne, on behalf of themselves and the following class:

> Individuals who from May 7, 2013 until the present were "picked up", arrested and/or transported to the police department or jail, seized and detained against their will by City of Fort Wayne police officers without a warrant or probable cause to believe they had committed a crime, or other objectively lawful reason to permit their detention and arrest, and/or who otherwise were arrested, seized or detained without a warrant and without committing any crime in the presence of Fort Wayne police officers, in violation of the Fourth Amendment of the United States Constitution.

(DE 1 at 1.)

---

[1] This Plaintiff's name is spelled "Rietdorf" in the caption of the complaint but both "Rietdorf" and "Reitdorf" appear in the body of it. In the interest of consistency, the Court will use the first spelling throughout.

On October 15, 2015, Plaintiffs filed an amended complaint, which, among other things, added Aaron Hall as a named plaintiff. Plaintiffs allege that Defendant has unconstitutional policies, practices, procedures, and customs that subjected them to false arrest and false imprisonment in violation of the Fourth Amendment to the Constitution. Alternatively, they claim that the Chief of Police failed to train and supervise Defendant's police officers regarding the seizure and detention of people against their will where there is no warrant and no probable cause to believe they had broken the law.

According to the amended complaint, a Fort Wayne police officer and two detectives approached Rietdorf at his work in October 2013. They asked to talk to him in front of his manager. He asked to contact his union representative but was told the representative could not help him. When he declined to be questioned and asked for a lawyer, the officer told him he had to go to the police station and "tell us on audio." (DE 37-1, 2.) He was handcuffed and put in a squad car, but when he asked if he was under arrest he was told "not yet." (DE 37-1, 3.) He was detained and questioned at the police department, being told he was not a suspect but that if he did not answer their questions, he would be a suspect. He was then asked to sign a statement that included language representing that he had not been pressured into the interrogation, although in fact he had accompanied the officers against his will.[2] No warrant was issued for his arrest and he was not charged with a crime.

Oden's encounter with the Fort Wayne police occurred around March 4, 2015, when officers allegedly forced their way into her apartment, handcuffed her, and questioned her about a robbery suspect. She led them to the apartment where the suspect lived, whereupon the

---

[2]The complaint does not say whether Rietdorf signed the statement.

officers arrested the suspect.  Nevertheless, Oden was taken to the police station against her will.  She was held there until a detective told her he didn't know why she was there.  The arresting officer apologized to her and she was taken home.

The complaint goes on to describe an incident involving Hall that occurred on October 12, 2014.  Hall was a passenger in a vehicle driven by a person suspected of smoking methamphetamine.  Fort Wayne police officers arrested the driver and asked Hall to "go downtown to speak with a detective."  (DE 37-1, 5.)  When he declined, the officers transported him to the police station in handcuffs, shackled him to the floor of the room he was placed in, and held him there against his will until he was eventually released without being charged with any crime.

Plaintiffs also include allegations regarding three other people who were, they claim, taken to the Fort Wayne police station against their will, without a warrant or probable cause to believe they had committed a crime.  These incidents occurred between March 2008 and August 2013.  According to the complaint, a detective involved in one of these incidents stated that sending an officer to pick up a potential witness for questioning was a common practice that had occurred hundreds of times.

In their original complaint, Plaintiffs alleged the requirements for a class action under Federal Rule of Civil Procedure 23(b)(1) and 23(b)(3).[3]  In their amended complaint, filed after Defendant filed its motion to deny class certification, they omitted any allegations that would

---

[3]A class action may be maintained under Rule 23(b)(1) if prosecuting separate actions by individual class members would create a risk of incompatible standards for the opponent of the class or that individual adjudications would, as a practical matter, dispose of the interests of member not parties to the individual adjudications or substantially impair or impede their ability to protect their interests.  A class action may be maintained under Rule 23(b)(3) if the court finds that common questions of law or fact predominate of questions affecting only individual members, and that a class action is superior to other available methods of adjudicating the controversy.

entitle them to certification under Rule 23(b)(1), but added a request for certification under 23(b)(2), claiming that Defendant has acted or refused to act on grounds that apply generally to the class, so that injunctive relief is appropriate. Pending this Court's resolution of the motion to deny class certification, the magistrate judge stayed all discovery.

**B.      Legal Standard**

Neither party has directed the Court to any Seventh Circuit Court of Appeals case that states the standard a court should use when it is asked to rule on a defendant's motion to deny class certification where no discovery has been permitted. However, several district courts have determined that in these circumstances the proper standard is the same as the standard for a motion to dismiss for failure to state a claim. *See, e.g., Sjoblom v. Charter Commc'ns, LLC*, No. 3:07-CV-0451, 2007 WL 4560451, at *6, (W.D. Wis. Dec 19, 2007). The Court will adopt that standard. Accordingly, the Court must accept as true all the allegations in the complaint and construe all reasonable inferences in favor of the Plaintiffs, as when considering a Rule 12(b)(6) motion.

**C.      Certification of a Class under Rule 23(b)(2)**

Certification of a class for the purpose of enjoining Defendant from conducting future illegal arrests must be denied because Plaintiffs lack standing to pursue injunctive relief. Plaintiffs complaint alleges no facts to suggest that they are likely to be harmed in the future by Defendant's alleged policy of taking people to the police station against their will without probable cause or an arrest warrant. As the Supreme Court held in *City of Los Angeles v. Lyons*,

461 U.S. 95, 105 (1983), a plaintiff's standing to seek an injunction depends on whether he is likely to suffer the injury sought to be prevented by the injunction in the future. There is no reason to believe, from the allegations in Plaintiffs' complaint, that there is any likelihood they will again be detained and transported to the Fort Wayne police department against their will without probable cause or a warrant. The fact that they allege they were each illegally detained on one occasion in the past does nothing to establish a "real and immediate threat" that they will be subjected to the alleged illegal conduct in the future. *Id.*

Moreover, the Seventh Circuit Court of Appeals has expressed disapproval of injunctions in cases involving improper arrests, stating that such cases are best handled by individual suits for damages, rather than by injunctions "designed to make every error by the police an occasion for a petition to hold . . . the police department . . . in contempt of court." *Rahman v. Chertoff*, 530 F.3d 622, 627–28 (7th Cir. 2008).

D.  **Certification of a Class under Rule 23(b)(3)**

Certification of any class action requires that the Court find, first, that the four requirements of Rule 23(a) are met: The class must be so numerous that joinder of all members is impracticable, there must be questions of law or fact common to the class, the claims of the representative parties must be typical of the claims of the class, and the representative parties must be able to fairly and adequately protect the interests of the class. If those criteria are satisfied, the Court must also find, under Rule 23(b)(3), that common questions of law or fact predominate over any questions affecting only individual members and that a class action is superior to other available methods of adjudicating the controversy.

5

Defendant asserts that there is an additional, implied prerequisite of ascertainability of class membership that must be satisfied before the Rule 23(a) requirements are addressed. The parties have overlooked the Seventh Circuit's last word on the subject in *Mullins v. Direct Digital, LLC*, 795 F.3d 654 (7th Cir. 2015), decided three days before Defendant filed its motion to deny class certification. The real question is the adequacy of the class definition itself. The class definition must be definite enough that class membership can be ascertained. *Id.* at 659. In *Mullins* the Court of Appeals sets out three common problems that have caused plaintiffs to fail this requirement: classes that are too vaguely defined; those that are defined by subjective criteria, such as by a person's state of mind; and those that are defined in terms of success on the merits—so-called "fail-safe" classes. *Id.* at 659–60. A fail-safe class is unfair to the defendant, forcing it to defend against the class, while if a plaintiff's claim is found to be invalid, she is not a member of the class, is not bound by the judgment, and can subject the defendant to another round of litigation. *Id.* at 660.

There are several problems with the class definition in this case. The proposed class is a fail-safe class. Only those individuals who are found to have had their Fourth Amendment rights violated are members of the class. Moreover, whether a plaintiff was detained against his will is a subjective inquiry. The class Plaintiffs have defined cannot be certified.[4]

### E. Conclusion

---

[4] The Court has tinkered with the class definition but has been unable to come up with a class that can be objectively identified and is neither too broad nor too narrow. The Seventh Circuit Court of Appeals determined that alleged wrongful arrests are best handled as individual suits for damages rather that as injunctions. *Rahman*, 530 F.3d 622 at 626–27. This Court's inability to fashion a workable class definition points to the same conclusion with respect to any other form of class action concerning arrests that took place on different occasions and involved different police officers.

For the foregoing reasons, Defendant's motion to deny class certification (DE 14) is GRANTED.

SO ORDERED on January 21, 2016.

                                                  s/ Joseph S. Van Bokkelen
                                                  Joseph S. Van Bokkelen
                                                  United States District Judge
                                                  Hammond Division